COMMONWEALTH vs. RONALD BREWSTER. No. 90-P-1343. December 16, 1991. *Practice, Criminal*, Instructions to jury. *Mental Impairment. Intoxication. Homicide. Malice.*

The defendant appeals from his conviction of second degree murder. Our review of the record reveals no error that would call for reversal of his judgment of conviction.

The principal issue raised on appeal is whether the trial judge erred in omitting an instruction that the jury might consider the defendant's mental impairment, due to his consumption of alcohol, as it bore on the issue of malice.[1] See *Commonwealth* v. *Grey*, 399 Mass. 469, 471-472 & n.4 (1987). We note at the outset the thinness here of any evidence of "mental impairment triggered by intoxication." *Commonwealth* v. *Freiberg*, 405 Mass. 282, 287 (1989). See *Commonwealth* v. *Moore*, 408 Mass. 117, 134-135 (1990). We also have great difficulty in discerning on this record a defense theory premised on impairment. See and compare *Commonwealth* v. *Lazarovich*, 410 Mass. 466, 476 (1991). In any event, passing the question whether the defendant's state of intoxication was an issue at trial, we think that where, as here, the defendant relied solely on self-defense, the judge did not err by failing to include, sua sponte, the so-called *Grey* instruction. See *Commonwealth* v. *Lawrence*, 404 Mass. 378, 395 (1989). Contrast *Commonwealth* v. *Sama*, 411 Mass. 293, 297-299 (1991).

No extended discussion of the other arguments raised on this appeal is warranted because they are totally lacking in merit.

*Judgment affirmed.*

*Mary F. Costello* for the defendant.
*William J. Meade*, Assistant District Attorney, for the Commonwealth.

---

[1]As the defendant neither requested such an instruction, nor objected to its omission, we review this claim of error under the substantial risk of a miscarriage of justice standard. See *Commonwealth* v. *Bousquet*, 407 Mass. 854, 865 n.6 (1990).